IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLY F. STEPHENS                                                                                     PLAINTIFF

v.                              Civil No. 5:22-cv-05061

COX COMMUNICATIONS, INC.
and MARK GREATREX, CEO                                                                      DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Billy F. Stephens ("Stephens") has filed this lawsuit, invoking jurisdiction pursuant to 28 U.S.C. § 1332. Stephens proceeds *pro se* and seeks leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

According to allegations within the Complaint and attachments thereto, Stephens has been billed by Cox Communications, Inc. ("Cox") for more than two years for services he did not request and was not aware of, including $38.00 per month for an additional television. (ECF No. 1). Upon further investigation of his statements, Stephens learned he was being billed for some movie channels and disputed these billings with Cox. (ECF No. 1, p. 8). Stephans says that when his service agreement with Cox expired on March 6, 2021, his TV bundle was severed and Cox began overcharging him for each individual service, alleging he was overcharged for a total of $432.00 for the combined months of March and April of 2021. (*Id*., p. 9). Stephens sent a request for arbitration, and it is alleged the Federal Trade Commission contacted Cox on his behalf. Subsequently, on July 14, 2021, a man identified as Mr. Hassan from Cox called Stephens, denied wrongdoing, and advised Stephens that if $289.00 was not paid immediately, his service would

1

be interrupted. *Id*.   After some discussion, however, Cox agreed to waive the $289.00 but insisted that $192.00 was still owed from a June 8, 2021, statement which required immediate payment. Stephens alleges one-time charges of $40.00 and $189.00 were added to his July 7, 2021, for a total of $229.00 of one-time charges. Stephens alleges that Mr. Hassan attempted to confuse him into thinking he was wrong and owed these amounts, saying he believes this is a Cox policy on which it trains its employees.   Stephens seeks punitive damages for Cox's practice of intentional confusion, i.e., using double-talk to confuse customers and convince them they owe money when they do not. (ECF No. 1, p. 10).   Stephens says Cox trains its employees to steal from their customers as shown by his experience in speaking with at least two Cox employees about back billing and obtaining identical answers which he alleges were lies. *Id*.   Plaintiff seeks $100,000.00 in compensatory damages from Cox and an award of punitive damages in the amount of $1,000,000.00.

## II.   APPLICABLE STANDARD

The Court is obligated to screen an IFP case prior to service of process being issued.   A claim is frivolous when it "lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim fails to state a claim upon which relief may be granted when it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'"   *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

To establish this Court's exercise of jurisdiction under 28 U.S.C. § 1332(a), two requirements must be met: (1) the parties must be citizens of different states; and (2) the amount in controversy must exceed $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). The presence of subject matter jurisdiction is a threshold requirement that the court must determine even in the absence of a challenge from a party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Since the 1806 decision of *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), the diversity statute has been interpreted to require complete diversity of citizenship. The party asserting diversity jurisdiction has the burden of establishing it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Stephens likely meets the first of those requirements by pleading that he is a resident and citizen of Arkansas, and that Cox is not, maintaining its principal place of business in Georgia. (ECF No. 1). The Court, however, has serious doubts as to whether the requisite amount in controversy exists. Stephens seeks compensatory damages of $10,000.00 but does not enumerate $10,000.00 worth of erroneous charges. Stephens alleges an excess charge of $38.00 per month for two years ($912.00 over the two-year period); two months of overcharges beginning in March of 2021 which allegedly resulted in $432.00 in erroneous charges; and an additional $229.00 in alleged erroneous charges discussed in his telephone interaction with a Mr. Hassan. (ECF no. 1, pp. 8–9). Altogether, Stephens has identified only $1,573.00 in erroneous charges and has not specifically alleged any other compensatory damages to which he is entitled. Stephens does assert a claim for $1,000,000 in punitive damages; Arkansas law, however, generally limits recovery of

3

punitive damages to 4-6 times the amount of compensatory damages, meaning that even if Stephens could recover $10,000 in compensatory damages, and he established he was entitled to recover punitive damages, the anticipated maximum would be $40,000-$60,000 in punitive damages. *Neighbors v. Shelter Mut. Ins. Co.*, 2:18-CV-00081 KGB, 2018 WL 10160962, at *3 (E.D. Ark. Sept. 5, 2018). Thus, Stephens' claims – at best – are worth $70,00, which does not exceed the $75,000.00 in controversy required for this Court's exercise of diversity jurisdiction.

### IV. CONCLUSION

For these reasons, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE** due to lack of jurisdiction and Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2) be **DENIED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of April 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE